WHEELUS *vs.* LONG, administrator.

1. There was no error in striking the defendant's plea, there being no allegation of the insolvency of the plaintiff and the sureties on his bond.

2. This case was between the plaintiff individually and the defendant; the words, "as temporary administrator," etc., were words of description, and were properly rejected as surplusage.

3. Where a temporary administrator obtained the property of a decedent, and was afterwards wrongfully deprived thereof, he had such an interest in the property as would authorize him to bring trover therefor.

4. A motion for new trial, on the ground that the verdict is strongly and decidedly against the weight of the evidence, though there may be some evidence to support it, is addressed to the sound discretion of the presiding judge, and this court will not control his decision thereon. Code, §3717.
Judgment affirmed.

February 19, 1884.

BLANDFORD, Justice.

[Henry J. Long, "as temporary administrator of Riley Garrett, deceased," brought trover against Susan A. Wheelus for a watch and chain, alleged to be of the value of $43.00. Defendant pleaded the general issue, and also a special plea, to the effect that, by the will of Riley Garrett, all of his property was left to W. A. Wheelus, and by the will of the latter, all of his property was left to the defend-

ant; that the watch was, therefore, hers, and not plaintiff's; that the estates mentioned owed no debts, and there was no need for the administrator to have the value of the watch in order to pay debts; that a verdict had been rendered at the then present term of the court, vesting the administration in H. H. Huggins, whom she had married since the death of her former husband. This plea was stricken by the court.

The plaintiff claimed that, as administrator of Garrett, he sold the personal property at a sale for cash; that this watch was passed around for inspection; that Wheelus bid it in, and told the person who was acting as cashier that he would pay directly; that he did not pay; was asked several times thereafter about the matter, and each time promised to pay in a day or two. He was taken sick and died, and the watch went into the hands of the defendant.

Defendant admitted receiving two watches after her husband's death, but did not know whether or not either one of them was the Garrett watch. She offered to introduce the will of Garrett, but it was rejected.

The jury found for the plaintiff. Defendant moved for a new trial, on the following grounds, in substance:

(1.) Because the court struck the equitable plea of defendant.

(2.) Because the court rejected from evidence the will of Garrett.

(3.) Because the verdict was contrary to law, evidence and the charge of the court.

The motion was overruled, and defendant excepted.]